UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI H. SALAMEY,

     Plaintiff,

v.                            CASE NO.: 8:11-cv-2354-T-23MAP

AMERICAN AIRLINES, INC.,

     Defendant.

_____/

## **ORDER**

     Ali H. Salamey sued American Airlines, Inc., in state court (pro se) for spoiling a vacation.  Arguing that the Montreal Convention completely pre-empts a claim, American removes (Doc. 1) under 28 U.S.C. § 1331.

     The complaint (Doc. 2) alleges that an American stewardess and gate attendant refused to delay or attempt to delay a connecting flight for Salamey and his wife.  In Salamey's opinion, the deficient effort arose "purely" from discriminatory animus.  The Salameys missed the connection and requested a refund, American offered a free new connection flight but refused the recompense, and the Salameys went home.  The complaint demands "$2,251.40 in vacation fees" plus punitive damages and court fees.

     The complaint asserts no federal cause of action.  In fact, the complaint asserts no cause of action.  The demand for "vacation fees" suggests that Salamey wants satisfaction for a breach of contract, and perhaps Salamey intends to sue for discrimination – although the complaint's isolated sentence on discrimination seems

only to spice the breach of contract claim.  Regardless, Salamey's complaint fails to satisfy the "well-pleaded complaint rule," which allows removal under 28 U.S.C. § 1331 only if the plaintiff reveals the federal nature of a claim in his pleading.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); Community State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011).

      Federal pre-emption is typically an insufficient basis for removal because pre-emption is a defense not apparent on the face of a complaint.  Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) ("federal jurisdiction cannot be predicated on an actual or anticipated defense"); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  "One corollary of the well-pleaded complaint rule . . , however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Taylor, 481 U.S. at 63-64. American argues that Salamey's claims are completely pre-empted by the Convention for the Unification of Certain Rules for International Carriage by Air, S. Treaty Doc. No. 106-45, better known as "the Montreal Convention," which "applies to all international carriage of persons, baggage, or cargo performed by aircraft for reward."  Art. 1, ¶ 1.

      "[F]ederal law should be found to completely pre[-]empt state law only in statutes with extraordinary pre[-]emptive force."  Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1291 (11th Cir. 2004).  Under Article 19, the Montreal Convention "provides the sole cause of action" for "delay in the carriage of passengers, baggage or cargo," Seagate Logistics, Inc. v. Angel Kiss, Inc., 699 F.Supp.2d 499, 505-06 (E.D.N.Y. 2010), but "the plain language of Article 19 . . . indicates that it governs claims for delay, not non[-]performance."  In re Nigeria Charter Flights Contract Litig., 520 F.Supp.2d 447,

455 (E.D.N.Y. 2007).  Consequently, a breach of contract claim for non-performance is not typically pre-empted, let alone "completely" pre-empted, see, e.g., Atia v. Delta Airlines, Inc., 692 F.Supp.2d 693, 699-701 (E.D. Ky. 2010); Weiss v. El Al Israel Airlines, Ltd., 433 F.Supp.2d 361, 369 (S.D.N.Y. 2006), and Salamey's beef is that he and his wife never reached their vacation spot or received a refund – claims of non-performance rather than delay.

American notes that under Article 19 "any action for damages, however founded, whether under [the Montreal] Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in [the] Convention."  This provision ensures that the Montreal Convention provides an exclusive remedy.  The path – that is, the cause of action – that a plaintiff follows to the remedy is explicitly unspecified ("any action for damages, however founded, whether under [the Montreal] Convention or in contract [] or otherwise . . .").  See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd., 522 F.3d 776, 785 (7th Cir. 2008) (addressing a similar provision in the Warsaw Convention); Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F.Supp. 1056, 1059 (S.D. Fla. 1994) (Highsmith, J.) (same); Rhymes v. Arrow Air, Inc., 636 F.Supp. 737, 740-42 (S.D. Fla. 1986) (King, J.) (same) ("the Plaintiff may choose to state his cause of action solely on a state law theory and bring the action in state court subject to the limitations of the Convention").  "Because the conditions and limits of the Montreal Convention are defenses to the state-law claims raised by [the] plaintiff, they do not provide a basis for federal-question subject matter jurisdiction."  Narkiewicz-Lane v. Scandinavian Airlines

Systems, 587 F.Supp.2d 888, 890 (N.D. Ill. 2008) (remanding an action highly similar to this one).

This action is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The clerk is directed to (1) mail a certified copy of this order, under 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 9, 2011.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**